UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL BARRECCHIA,

    Petitioner,

v.                                                    Case No. 5:06-cv-301-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____

## **ORDER OF DISMISSAL**

Petitioner initiated this case by filing a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Petition stems from Petitioner's Citrus County jury-trial convictions of three counts of capital sexual battery, for which Petitioner is serving a life sentence. See id. The Respondent contends that the Petition is time-barred and therefore should be dismissed. Doc. 7. Petitioner filed a reply acknowledging that the Petition is untimely, but asserting that the victim and other witnesses lied to the trial court. Doc. 10. For the following reasons, the Court concludes that the Petition is time-barred.[1]

## **One-Year Limitation**

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."[3]

## **Discussion**

Petitioner's convictions were affirmed on direct appeal on September 23, 2003. Barrecchia v. State, 855 So.2d 73 (Fla. 5th DCA 2003). His convictions became final for purposes of the one-year federal limitation period 90 days later when the time for filing a petition for a writ of certiorari to the U.S. Supreme Court elapsed, on December 22, 2003. Absent any state court post-conviction proceeding that would have tolled the federal limitations period,[4] Petitioner had until December 22, 2004, to timely file his federal habeas corpus petition, and the instant Petition, filed on August 21, 2006, is untimely.

Petitioner filed a motion for postconviction relief in the state court on January 2, 2004; it was denied on March 10, 2004. See App. tab F. Petitioner did not appeal, and accordingly tolling of the federal limitations period ceased on April 10,

---

[2] 28 U.S.C. § 2244(d)(1).

[3] 28 U.S.C. § 2244(d)(2); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

[4] 28 U.S.C. § 2244(d)(2).

2004, when the time for filing an appeal elapsed. The instant Petition was filed more than two years later. See Doc. 1.

Petitioner contends that he is entitled to pursue this petition on the grounds of "actual innocence" notwithstanding the time-bar. See Doc. 10. To the extent Petitioner suggests that his claim of "actual innocence" entitles him to equitable tolling of the limitations period, his claim fails. His claims are in the nature of a challenge to the legal sufficiency of the evidence against him, and fall far short of any claim or showing of actual, factual innocence of the offense of conviction. See Doc. 10.

## Conclusion

For the reasons set forth in this Order, the Petition is **DISMISSED as time-barred**. The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 11th day of September 2009.

UNITED STATES DISTRICT JUDGE

c: Paul Barrecchia
   Respondent